IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST V. STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv1001-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On May 12, 2009, the plaintiff filed a request for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner does not object to an award of fees and expenses of $4,983.22.  On August 12, 2009, this court ordered that the plaintiff should show cause why the petition for fees should not be reduced by $566.25, the amounts claimed by Attorney Georgia Ludlum for 1.3 hours at an hourly rate of $172.85 for a telephone conference in which she did not participate and Attorney Sarah Bohr for 2 hours at an hourly rate of $170.77 to "[r]esearch cost of living figures [and] prepare EAJA petition."[1]  On August 27, 2009, the plaintiff submitted a response to this court's order.  For the reasons which follow, the court concludes that the plaintiff's application is due to be granted in part and denied in part.

---

[1] (Attach. to Doc. No. 33, Plaintiff's Petition for Attorney Fees.)

## I.  DISCUSSION

Under the EAJA, the court may award reasonable attorney's fees to a prevailing plaintiff in a social security case.  The EAJA specifically provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency decision, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

To determine the appropriate award of attorney's fees, the court must multiply the number of hours reasonably expended by a reasonable hourly rate.  *See Allen v. Apfel*, No. 1:99cv0156JOPF, 2000 WL 1023251, *1 (N.D. Ga. March 9, 2000).  The EAJA defines "fees and other expenses" to include "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A). Implicit in that definition is a requirement that both the hourly rate and the number of hours expended be reasonable.  *Allen*, 2000 WL 1023251, *2.

The Commissioner neither disputes that the plaintiff is the prevailing party for purposes of her motion nor challenges the reasonableness of the plaintiff's attorney fees as requested.  This court, however, must be satisfied that the award is reasonable.

### A.     The Teleconference

Attorney Ludlum billed 1.3 hours at an hourly rate of $172.85 for a teleconference and oral argument on December 2, 2008.  The court record indicates that the telephone

conference lasted ten (10) minutes and that Attorney Ludlum did not participate in the conference and oral argument. In her response, plaintiff's counsel indicates that an inner-office time slip entry was erroneously translated and that she failed to notice this error when completing her declaration of schedule of hours. Plaintiff's counsel does not object to a reduction in her attorney fees with respect to this claim for fees. This court therefore concludes that the time alleged by Attorney Ludlum to participate in a teleconference and oral argument is unreasonable and reduces the amount of compensable time for plaintiff's counsel by 1.2 hours.

### B.     The Work Completed by Attorney Bohr

Attorney Bohr billed 2 hours at an hourly rate of $170.77 to "[r]esearch 2009 cost of living figures; prepare EAJA petition." In her response, Attorney Ludlum asserts that she contracted with Attorney Bohr to perform brief writing services. Attorney Bohr's schedule of hours, however, indicates that she did nothing more than research 2009 cost of living figures and prepare the EAJA petition. First, the court questions why the attorney of record would contract with a non-attorney of record to complete her own petition for attorney fees. More importantly, the court questions whether the time spent by counsel to compute basic mathematics and prepare the EAJA petition equals a total of 2 hours of work. The EAJA petition appears to be the same standard petition submitted by Attorney Ludlum in prior cases and the cost of living figures are based on a simple mathematic formula that she has used in the past.[2] Thus, the court concludes that the time alleged by Attorney Bohr to

---

[2] As an example, see *Scott v. Astrue*, 2:08cv201-SRW (Doc. No. 23-3), in which plaintiff's counsel submitted a similar memorandum of law in support of her petition for attorney fees and used the

compute cost of living figures and prepare the EAJA petition for attorney fees is unreasonable and reduces the amount of compensable time for plaintiff's counsel to conduct these services by 1.0 hour.[3]

## II.  CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the EAJA,

1.  The motion for attorney's fees (Doc. No. 33) be and is hereby GRANTED in part and DENIED in part;

2.  The plaintiff be and is hereby AWARDED attorney's fees in the amount of $ 4587.75.

Done this 4th day of September, 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

consumer price index to formulate cost of living figures.

[3] In her response to this court's show cause order, Attorney Ludlum submitted a supplemental fee request, in which she seeks an additional $569.12 for Attorney Bohr's work in preparing the response. Plaintiff's counsel cites *Comm'r, INS v. Jean*, 496 U.S. 154 (1990), as support for her contention that a supplemental fee for preparing a response to this court's show cause order challenging the reasonableness of fees is compensable under the EAJA. This court recognizes that the EAJA "cover[s] the cost of all phases of successful civil litigation." *Jean*, 496 U.S. at 166. The court, however, must be "guided by reason" when using its "discretion to adjust the amount of fees for various portions of the litigation," *Jean*, *supra*, such as preparation of a response to this court's order that plaintiff's counsel show cause why she requested certain fees in a petition. But for counsel's erroneous or unreasonable time entries in her EAJA petition, a show cause order and a response would not have been necessary. This court finds that counsel's supplemental request for attorney fees as the result of her own invited error is unreasonable under the circumstances. Thus, the plaintiff's request for supplemental fees is due to be denied.